IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| RICKY DENTON | § | |
| VS. | § | CIVIL ACTION NO. 1:21cv319 |
| WARDEN, USP BEAUMONT | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Ricky Denton, an inmate confined within the Bureau of Prisons ("BOP"), proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Pending before the court is a motion to dismiss or, in the alternative, motion for summary judgment filed by the respondent (doc. no. 5). As the respondent has presented matters outside the pleadings, the filing will be considered as a motion for summary judgment.

Factual Background

Petitioner complains that the BOP has miscalculated his projected release date by not giving him credit for additional good time pursuant to the First Step Act ("FSA"). In addition, he asserts the administration at the United States Penitentiary at Beaumont, Texas, has violated the FSA by denying him access to evidence-based recidivism reduction programs and activities.

The Motion for Summary Judgment

With respect to petitioner's assertion that he has been denied access to evidence-based recidivism reduction programs, the respondent contends petitioner has no liberty interest regarding such programs. As to petitioner's claim that he has not received credit for additional good time pursuant to the FSA, the respondent asserts petitioner failed to exhaust his administrative remedies on this claim.

In support of the motion for summary judgment, the respondent has submitted a declaration

from Nancy Bobs, the executive assistant at the Federal Correctional Complex in Beaumont, Texas

("FCC Beaumont").  Ms.  Bobs states that as the executive assistant, she is also the coordinator of

the administrative remedy program.  Ms. Bobs states, in part, as follows:

> The BOP's Administrative Remedy Program is an internal formal three-step grievance procedure by which inmates may complain about various aspects of their confinement.  Prior to beginning the formal appeal process, inmates shall first present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy pursuant to 28 C.F.R. § 542.13(a). The initial step of the formal Administrative Remedy process is for the inmate to submit a written Administrative Remedy Request form (BP-9) to the Warden's Office within 20 calendar days following the date on which the basis for the Request occurred.  *See* 28 C.F.R. § 542.14(a).  If an inmate is not satisfied with the Warden's response, he or she may submit an Appeal on the appropriate form (BP-10) to the Regional Director within 20 calendar days of the date the Warden signed the response.  *See* 28 C.F.R. § 542.15(a).  Appeal to the Office of General Counsel via a Central Office Administrative Remedy Appeal form (BP-11) is the final step in the administrative appeal process.  *Id*.  Appeals must specifically state the reason for the appeal.  28 C.F.R. § 542.15(b)(1).

> I have reviewed inmate Denton's administrative remedy filings and located an administrative remedy appeal process in regards to the availability of education programs at FCC Beaumont.

> On October 28, 2020, the Warden's Office at the United States Penitentiary (USP) located at FCC Beaumont, Texas, received an administrative remedy request from inmate Denton, requesting he be provided with programming activities pursuant to the First Step Act (FSA).  On November 4, 2020, the Warden responded to inmate Denton and informed him that the USP at FCC Beaumont is offering this programming and provided him with instructions on how to check for classes and register.

> The SCR [South Central Regional Office] received inmate Denton's appeal to the Warden's Response on November 16, 2020.  The SCR responded to inmate Denton on January 15, 2021, explaining that programming is being accommodated during the modified operational schedule implemented due to COVID-19.  The SCR provided further instructions for inmate Denton regarding enrollment in these programs.

> Inmate Denton appealed the SCR response and it was received by the Central Office on March 16, 2021.  The Central Office responded to inmate Denton on May 12, 2021, and reiterated the information previously given to him in the Warden's and SCR's responses.

> Review of inmate Denton's educational transcript reflects that he did begin an educational course shortly thereafter, on August 9, 2021.

Further review of the documents contained in the BOP's system of records reflect that there is nothing to indicate that inmate Denton submitted any administrative remedy requests regarding the calculation of his FSA credits specifically, nor the alleged lack of a FSA risk/needs assessment. Accordingly, Petitioner has not exhausted his administrative remedies regarding these issues.

Standard of Review

Under Federal Rule of Civil Procedure 56(a), summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.[1] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Ellison v. Software Spectrum, Inc.*, 85 F.3d 187, 189 (5th Cir. 1996). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *Judwin Props., Inc. v. U.S. Fire Ins. Co.*, 973 F.2d 432, 425 (5th Cir. 1992).

On summary judgment, "[t]he moving party has the burden of proving there is no genuine [dispute] of material fact and that it is entitled to judgment as a matter of law." *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 246 (5th Cir. 2003); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets this burden, "the non-moving party must show that summary judgment is appropriate by setting forth specific facts showing the existence of a genuine issue concerning every essential component of its case." *Rivera*, 349 F.3d at 247. The nonmovant's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Willis v. Roche Biomedical Labs, Inc.*, 61 F.3d 313, 315 (5th Cir. 1995); *see also Brown v. Houston*, 337 F.3d 539, 541 (5th Cir. 2003).

As summary judgment is a final adjudication on the merits, courts must employ the device cautiously. *Hulsey v. State of Texas*, 929 F.2d 168, 170 (5th Cir. 1991); *Jackson v. Procunier*, 789

---

[1] This language reflects the amendments to the Federal Rules of Civil Procedure which came into effect on December 1, 2010. These amendments moved language from Rule 56(c) to Rule 56(a) and changed the Rule to read "genuine dispute as to any material fact," rather than "genuine issue as to any material fact." As the Committee Note to Rule 56 makes clear, the new language "carries forward the summary judgment standard expressed in former subdivision (c)."

F.2d 307 (5th Cir. 1986). In prisoner *pro se* cases, courts must be careful to "guard against premature truncation of legitimate lawsuits merely because of unskilled presentations." *Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989) (quoting *Murrell v. Bennett*, 615 F.2d 306, 311 (5th Cir. 1980)). Summary judgment is not appropriate unless, viewing the evidence in the light most favorable to the non-moving party, no reasonable jury could return a verdict for that party. *Rubenstein v. Adm'rs of the Tulane Educ. Fund*, 218 F.3d 392, 399 (5th Cir. 2000).

Analysis

*Credit for Additional Good Time*

A district court has the authority to grant a writ of habeas corpus if a prisoner is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241. Although the statute does not explicitly require prisoners to exhaust available administrative remedies before filing a petition, the United States Court of Appeals for the Fifth Circuit has held that prisoners must exhaust available administrative remedies before seeking relief in court. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). In order to satisfy the exhaustion requirement, "a prisoner must complete the administrative process in accordance with applicable procedural rules . . . ." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). As a result, inmates must exhaust their administrative remedies in a procedurally correct manner. *Dillon v. Rogers*, 596 F.3d 260, 268 (5th Cir. 2010).

The declaration from Ms. Bobs constitutes competent summary judgment evidence demonstrating that petitioner has not pursued his administrative remedies with respect to the additional good conduct time he contends he has not received. As a result, it must be concluded there is no genuine dispute of material fact as to whether petitioner has exhausted his administrative remedies with respect to this claim. The respondent is therefore entitled to judgment as a matter of law with respect to thisclaim.

*Evidence-Based Recidivism Reduction Programs*

The FSA, enacted on December 21, 2019, provides, among other things, for a system allowing eligible prisoners to earn good time credits toward time in pre-release custody or

supervised release for successfully completing evidence-based recidivism reduction programming or productive activities.  28 U.S.C. § 3632(d)(4)(A).  Under the FSA, the Attorney General was charged with creating a new risk and needs assessment system, entitled "Prisoner Assessment Tool Targeting Estimated Risks and Needs" to assess the recidivism risk of each prisoner and assign appropriate programming and activities based on various factors.  Although the FSA required the BOP to "begin to assign prisoners to the appropriate evidence-based recidivism reduction programs and productive activities it offers" by January 15, 2020, the FSA provided for a two-year phase-in period, or until January 15, 202, for the BOP to "provide such evidence-based recidivism reduction programs and productive activities to all prisoners."  18 U.S.C. § 3621(h)(2).  The statute provided that prior to January 15, 2022, the BOP "may begin to expand any evidence-based recidivism and reduction activities that exist at a prison as of such date . . . ."  18 U.S.C. § 3621(h)(4).

The language of Section 3621(h)(4) indicates the BOP had discretion, but was not required, to provide recidivism reduction programs prior to January 15, 2022. *Banks v. Federal Bureau of Prisons*, 2022 WL 1731757, at * 2 (W.D. La. May 16, 2022); *Stewart v. Snider*, 2022 WL 2032305, at *5 (N.D. Ala. May 10, 2022);  *Burtons v. Warden, FMC-Fort Worth*, 2021 WL 606310, at  *3 (N.D. Tex. Dec. 21, 2021); *Kennedy v. Warden, FCI Pekin*, 2021 WL 797516, at *2 (C.D. Ill. Mar. 20, 2021).  This petition was filed in 2021, at a time when the BOP had discretion as to whether it would provide recidivism programs.  As the BOP had discretion, petitioner did not have a protected liberty interest in having access to these programs. *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983).  Any failure to provide these programs therefore did not violate due process.

Recommendation

The respondent's motion for summary judgment should be granted and this petition for writ of habeas corpus denied pursuant to Federal Rule of Civil Procedure 56.

Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

SIGNED this 21st day of June, 2022.

Zack Hawthorn
United States Magistrate Judge